**UNITED STATES of America,
Plaintiff—Appellee,**

**v.**

**Dennis PERRY, a.k.a. Denniz Perry
& Dennis Daqueenperry,
Defendant—Appellant.**

No. 05–10239.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 13, 2006.

Filed July 21, 2006.

Wes R. Porter, Esq., Office of the U.S. Attorney, Honolulu, HI, for Plaintiff–Appellee.

DeAnna S. Dotson, Esq., Kapolei, HI, for Defendant–Appellant.

Before: B. FLETCHER, PREGERSON, and CANBY, Circuit Judges.

## MEMORANDUM *

Dennis Perry ("Perry") appeals his conviction for being a felon in possession of a firearm and ammunition. He also appeals his 200–month sentence. We have jurisdiction under 28 U.S.C. § 1291 to review the district court's final judgment. We affirm Perry's conviction and remand for a

---

limited resentencing with regard to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1).

■ 1. The district court did not err in finding that the warrants to search Perry's residence and car were supported by probable cause.[1] The magistrate judge had a substantial basis for concluding that probable cause to conduct the searches existed. *See United States v. McQuisten,* 795 F.2d 858, 861 (9th Cir.1986) (upholding a search warrant where "under the totality of the circumstances the magistrate had a substantial basis for concluding that probable cause existed").

The affidavit filed in support of the warrant to search Perry's residence included telephone calls between Perry and known drug dealers and statements by the security officer at Perry's condominium complex that activities commonly associated with drug dealing occurred around Perry's condo. The affidavit also included statements by confidential informants that Perry was selling drugs from the condo and monitoring the complex's security cameras. The informants were reliable and had a sufficient basis of knowledge. *See United States v. Alvarez,* 358 F.3d 1194, 1203 (9th Cir.2004) ("In determining probable cause, the magistrate should consider an informant's veracity, reliability and basis of knowledge...."). Thus, the affidavit in support of probable cause established "a fair probability" that drugs or weapons would be found in Perry's residence. *See Illinois v. Gates,* 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983).

■ The affidavit in support of the application to search Perry's car also estab-

lished a fair probability that the car contained contraband. *See id.* The affidavit identified the car as belonging to Perry and the confidential informants independently reported that they had witnessed Perry sell drugs from the car. Thus, the magistrate judge also had a substantial basis for finding probable cause to search Perry's car. *See McQuisten,* 795 F.2d at 861.

■ 2. The district court did not violate Perry's Sixth Amendment right to trial by finding that he was an "Armed Career Criminal" under the ACCA and that he had obstructed justice during trial.[2] The Sixth Amendment does not require the fact of a prior conviction to be proved to a jury. *Almendarez–Torres v. United States,* 523 U.S. 224, 226–27, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998); *see United States v. Quintana–Quintana,* 383 F.3d 1052, 1053 (9th Cir.2004), *cert. denied,* 543 U.S. 1130, 125 S.Ct. 1100, 160 L.Ed.2d 1085 (2005) (noting that this court has "repeatedly" recognized prior convictions as the exception to *Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000)). When the district court found that Perry's prior convictions were violent felonies and serious drug offenses under the ACCA, it "determined no more than the 'fact of a prior conviction....'" *United States v. Brown,* 417 F.3d 1077, 1079 (9th Cir.2005). Thus, Perry had no right to have a jury decide whether his prior convictions were predicate offenses under the ACCA.

■ The district court also did not violate Perry's Sixth Amendment right to tri-

---

1. The court reviews *de novo* the district court's denial of a motion to suppress. *United States v. Celestine,* 324 F.3d 1095, 1100 (9th Cir.2003). The court reviews for clear error a magistrate's finding that probable cause existed to issue a warrant. *Id.*

2. The court reviews *de novo* Perry's constitutional challenge to his sentence. *United States v. Dowd,* 417 F.3d 1080, 1085–86 (9th Cir.2005).

al by finding that he had obstructed justice because the court understood the Sentencing Guidelines to be advisory. *See United States v. Ameline*, 409 F.3d 1073, 1077–78 (9th Cir.2005) (en banc) (allowing the district court to determine facts not submitted to the jury when it is operating under advisory Guidelines). Perry acknowledges that this result is compelled by our decision in *Ameline* but urges us to reconsider that decision. A three-judge panel, however, cannot reconsider or overrule the decision of a prior panel. *United States v. Gay*, 967 F.2d 322, 327 (9th Cir.1992).

■ 3. The district court did not violate Perry's Fifth Amendment due process rights when it found by a preponderance of the evidence that Perry was an Armed Career Criminal and had obstructed justice.[3] The proper burden of proof for enhancements under the ACCA is preponderance of the evidence. *United States v. Phillips*, 149 F.3d 1026, 1033 (9th Cir. 1998). The same burden applies to the obstruction of justice finding because it did not have "an extremely disproportionate effect" on Perry's sentence. *See United States v. Dare*, 425 F.3d 634, 642 (9th Cir.2005).

■ 4. Perry argued for the first time in his reply brief that the government failed to prove that his prior felonies were predicate offenses under the ACCA, and that the district court erred by relying solely on the Presentence Report to enhance his sentence. We exercise our discretion to consider his challenge and find that a limited remand is appropriate.

The district court erred by relying solely on information in the Presentence Report to find that Perry had three qualifying convictions. *See United States v. Frank-*

*lin*, 235 F.3d 1165, 1171–72 (9th Cir.2000) (quoting *United States v. Potter*, 895 F.2d 1231, 1238 (9th Cir.1990)) (stating a presentence report is "not a form of 'clearly reliable evidence' upon which a district court permissibly may rely to enhance a defendant's sentence under § 924(e)" when the report does not include the statutes of conviction for the prior crimes). There is nothing in the record showing that the government submitted the statutes of conviction to the district court. *See id.* The district court's reliance solely on the factual recitation in the Presentence Report violated *Taylor v. United States*, 495 U.S. 575, 602, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), which prohibits the court from using the facts underlying prior convictions to determine whether the convictions are predicate offenses. In circumstances where the fact of conviction and the statutory definition of the offense do not indicate whether the defendant was convicted of an offense specified under the guideline definition, the district court may expand its inquiry but "is generally limited to examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." *Shepard v. United States*, 544 U.S. 13, 16, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005).

Because there was insufficient documentation to support the ACCA enhancement, we remand for resentencing. The government may supplement the record to establish that Perry has three qualifying felonies. The district court shall reconsider only whether Perry qualifies for an enhancement under the ACCA.

We affirm Perry's conviction and his sentence, except for the enhancement un-

---

**3.** The court reviews *de novo* Perry's challenge. *United States v. Brady*, 895 F.2d 538, 539 (9th Cir.1990).

der 18 U.S.C. § 924(e)(1). We vacate his sentence in part and remand for reconsideration of whether Perry's prior convictions qualify him as an Armed Career Criminal, and for modification or reinstatement of his sentence in light of that reconsideration.

**CONVICTION AFFIRMED; SENTENCE VACATED IN PART AND REMANDED FOR RESENTENCING with instructions.**

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.